IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JODI TAYLOR,

           Plaintiff,           Case No. 3:10-cv-421

vs.                                  Judge Thomas M. Rose

MICHAEL J. ASTRUE,           Magistrate Judge Michael J. Newman
Commissioner of Social Security,

           Defendant.

_____

**ENTRY AND ORDER SUSTAINING THE COMMISSIONER'S
OBJECTIONS (Doc. #11) TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATIONS; AFFIRMING THE COMMISSIONER'S
DECISION THAT TAYLOR IS NOT ENTITLED TO SOCIAL SECURITY
DISABILITY BENEFITS AND TERMINATING THIS CASE**
_____

Plaintiff Jodi Taylor ("Taylor") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On October 24, 2011, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #10) recommending that the Commissioner's Decision be reversed and that benefits be awarded. The Commissioner subsequently filed Objections (doc. #11) and Taylor responded to the Commissioner's Objections (doc. # 12). This matter is, therefore, ripe for decision.

Taylor filed her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 15, 2005. She claims to be disabled due to epilepsy and

1

high anxiety resulting in panic attacks, diverticulitis, memory loss, colitis and migraines.

The Commissioner denied Taylor's application and Taylor appealed. Administrative Law Judge ("ALJ") Thaddeus J. Armstead, Sr. ("Armstead") then conducted a hearing and issued a decision denying Taylor's application finding that Taylor was not disabled as defined by Social Security Regulations. The Appeals Council denied Taylor's request for review and ALJ Armstead's decision became the Commissioner's final decision.

Taylor then appealed to this Court pursuant to 42 U.S.C. § 405(g). Taylor appealed solely on the ground that the ALJ erred in rejecting the opinions of her treating physicians.

## Legal Criteria

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court should not try cases de novo or resolve conflicts in evidence. *Brainard v. Secretary of Health and Human Services*, 889 f.2d 679, 681 (6th Cir. 1989).

The ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the

ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

This Court must also determine whether the ALJ applied the correct legal criteria. *Bowen*, 478 F.3d at 745-46. This determination may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Id.* A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## This Case

In this case, the Magistrate Judge found that the ALJ erred by failing to give proper weight to Taylor's treating sources. The Magistrate Judge determined that Taylor's treating physicians' opinions on the nature and severity of Taylor's impairments were well-supported by medically-acceptable clinical and laboratory diagnostic techniques and are not consistent with the other substantial evidence in the record.

Taylor's treating sources that are in question are Doctors Simkins and Balster. Dr. Simkins is an O.D. and was Taylor's treating neurologist. He is the Director of the Epilepsy Center at the Wallace-Kettering Neuroscience Institute. Dr. Balster is an M.D. and was Taylor's treating psychiatrist.

This Court must begin its review with the requirement that its only function is to determine whether the record as a whole contains substantial evidence to support the ALJ's

3

decision. This Court may not try this case de novo or resolve conflicts in evidence.

ALJ Armstead found that Taylor has functional limitations associated with seizure disorder, a history of migraine headaches, a history of diverticulitis, depressive disorder not otherwise specified, posttraumatic stress disorder, a history of prescription drug abuse, and ongoing marijuana abuse which affect her ability to perform basic work-related functions. ALJ Armstead also found that Taylor's mental impairments result in mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no repeated episodes of decompensation for an extended duration. Based upon these findings, ALJ Armstead determined that Taylor has the residual functional capacity to perform medium work, and was, thus not disabled in accordance with Social Security Regulations.

## Dr. Simkins' Opinion

In reaching his conclusions, ALJ Amstead found that Dr. Simkins' opinion is inconsistent with his chart notes, which indicate that Taylor's seizures were well-controlled with medication. Dr. Simkins reported that Taylor was unemployable.

According to ALJ Amstead's decision and the record, Dr. Simkins' treatment notes indicate that Taylor was treated for primary generalized epilepsy. Dr. Simkins' chart notes indicate that Taylor's seizures were stable with medication.

ALJ Armstead found that a nineteen-hour video electroencephalogram and a second video electroencephalogram were both negative and no evidence of ongoing seizure activity was noted. Taylor required hospitalization in January 2006 for complaints of frequent episodes of confusion. The diagnosis on discharge from the hospital was akathisia secondary to major

4

tranquilizer.

In January 2005, Dr. Simkins referred Taylor to Paul Newman, Ph.D. for a neuropsychological evaluation. Dr. Newman's clinical impression was of cognitive disorder not otherwise specified and depression. Dr. Newman also reported personality disorder as a differential diagnosis. Finally, Dr. Newman reported that Taylor failed to return to complete personality testing.

In this case, there is substantial evidence of record that Dr. Simkins' treatment notes indicate that Taylor was treated for primary generalized epilepsy and that Taylor's seizures were stable with medication. There is also evidence of record of two nineteen-hour electroencephalograms showing no evidence of seizure activity and that Taylor's hospital visit for complaints of frequent episodes of confusion resulted in a discharge with a diagnosis of akathisia secondary to major tranquilizer.

Thus, there is substantial evidence of record from which ALJ Armstead could reject Dr. Simkins' opinion that Taylor was unemployable because Dr. Simkins' opinion was inconsistent with his treatment notes. Dr. Simkins' opinion is also inconsistent with electroencephalogram evidence and hospital findings.

### Dr. Balster's Opinion

In reaching his conclusions, ALJ Armstead also found that Dr. Balster's opinion must be rejected because it lacks objective support and is contrary to treatment history and related findings. Dr. Balster treated Taylor since September 2004 for recurrent depression, posttraumatic stress disorder and generalized anxiety disorder. Dr. Balster also saw Taylor on a monthly basis for medication management. His chart notes consistently refer to Taylor's condition as stable. In

November 2005, Dr. Balster concluded that Taylor's psychiatric symptoms were of Listing level severity.

Specifically, the ALJ found that Dr. Balster's opinion was not well-supported by the evidence of record. The ALJ found that Dr. Balster's opinion was not well-supported because Dr. Balster's treatment notes consistently describe Taylor's condition as "stable," there is no evidence that Taylor has required psychiatric hospitalization and she was seen only on a monthly basis for medication management.

In this case, there is substantial evidence of record that Dr. Balster's treatment notes consistently describe Taylor's condition as "stable" and that she was seen on a monthly basis and that the only plan provided by Dr. Balster was continuing medication as prescribed. Thus, there is substantial evidence of record from which ALJ Armstead could reject Dr. Balster's opinion because it lacks objective support and is contrary to treatment history and related findings.

**Conclusion**

ALJ Armstead provided specific reasons for the weight given to Dr. Simkins' and Dr. Balster's opinions which weight is supported by evidence in the case record, and ALJ Armstead was sufficiently specific to make clear to any subsequent reviewers the weight he gave to Dr. Simkins' and Dr. Balster's opinions and the reasons for that weight. Further, ALJ Armstead considered the length, nature and extent of the treatment relationships; the frequency of examinations; the medical specialty of the sources; how well-supported by evidence the opinions are, how consistent the opinions are with the record as a whole, and any other factors which tend to support or contradict the opinion.

Chart notes from Dr. Stephen Beck, M.D., Taylor's primary care physician, indicate that

she was treated for chronic migraine headaches and generalized anxiety disorder. Dr. Beck referred Taylor to a pain management specialist for evaluation of her chronic migraines. The specialist noted that Taylor's anxiety tended to exacerbate her pain complaints.

Multiple urine drug screens were positive for marijuana. Further, Taylor testified that she was independent in self-care and activities of daily living. And, she did household chores such as laundry, vacuuming and shopping.

ALJ Armstead also found, and the record supports that Taylor was an "unreliable historian." Taylor testified that she completed the 10th grade but told Dr. Newman that she had completed twelve (12) years of formal education. Taylor also testified that she had stopped using marijuana five (5) years ago but urine drug screens indicated otherwise. Finally, Dr. Newman reported that Taylor initially reported that she often felt nauseated and vomited four (4) or five (5) times per week but later stated that her appetite was good and that she had gained weight. Dr. Simkins described Taylor as "very manipulative." Finally, ALJ Armstead's decision is supported by the reports from Doctors Melvin, Freihofer, Finnerty and Norris, who were reviewing medical sources.

The ALJ's decision is supported by substantial evidence and the ALJ has applied the correct legal criteria. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #10) and in the Commissioner's Objections (doc. #11) and Taylor's Response (doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Taylor is not disabled and, therefore, not entitled to Social Security benefits.

7

WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #11) are SUSTAINED. The Commissioner's decision that Taylor was not disabled and, therefore, not entitled to benefits under the Social Security Act is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 13th day of January, 2012.

.  **s/Thomas M. Rose**
_____
JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record